UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER RICKSECKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:16-cv-1391 KJN P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the f actual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names the California Department of Corrections and Rehabilitation, the State of California, "medical staff and supervisors" as defendants. (ECF No. 1 at 2.) Plaintiff states that he sustained serious head and face injuries and is physically, mentally, and psychologically impaired, and claims that he cannot receive assistance or proper medical/dental care or legal help in his present condition. (ECF No. 1 at 3.) Plaintiff also claims he has been misdiagnosed by staff. As relief, plaintiff seeks treatment and compensation for vision loss and brain damage due to negligence and staff incompetence. (ECF No. 1 at 3.)

First, plaintiff has not named a proper defendant. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections and Rehabilitation and the State of California are legally frivolous and must be dismissed. In addition, plaintiff must name an individual who was responsible for the alleged acts. The U.S. Marshal is unable to serve process unless plaintiff names a responsible individual as a defendant.

Second, allegations based on negligent acts are insufficient to state a cognizable civil rights claim.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a

1 sufficiently culpable state of mind. Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012),
2 overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc);
3 Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

4     To meet the objective element, plaintiff must demonstrate the existence of a serious
5 medical need. Estelle, 429 U.S. at 104. Such need exists if the failure to treat the injury or
6 condition "could result in further significant injury" or cause "the unnecessary and wanton
7 infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and
8 citations omitted). Serious medical needs include "[t]he existence of an injury that a reasonable
9 doctor or patient would find important and worthy of comment or treatment; the presence of a
10 medical condition that significantly affects an individual's daily activities; [and] the existence of
11 chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992),
12 overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

13     Under the subjective element, a prison official is deliberately indifferent only if the
14 official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v.
15 Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on
16 a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of
17 and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of
18 the facts from which the inference could be drawn that a substantial risk of serious harm exists,
19 and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
20 indifference "may appear when prison officials deny, delay or intentionally interfere with medical
21 treatment, or it may be shown by the way in which prison physicians provide medical care."
22 Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the
23 judgment of prison doctors or administrators" when deciding the deliberate indifference element.
24 Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss
25 of his dentures was causing him severe pain and permanent physical damage, three month delay
26 in providing pain relief and soft food diet constituted Eighth Amendment violation).

27     Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
28 at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a

1 plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th
2 Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059.
3 In this regard, "[a] prisoner need not show his harm was substantial; however, such would
4 provide additional support for the inmate's claim that the defendant was deliberately indifferent to
5 his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at
6 1060.

7 In applying the deliberate indifference standard, the Ninth Circuit has held that before it
8 can be said that a prisoner's civil rights have been abridged, "the indifference to his medical
9 needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
10 support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.
11 1980) (citing Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in
12 diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
13 under the Eighth Amendment.  Even gross negligence is insufficient to establish deliberate
14 indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
15 1990).  A difference of opinion between medical professionals concerning the appropriate course
16 of treatment generally does not amount to deliberate indifference to serious medical needs.
17 Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a
18 difference of opinion between a prisoner-patient and prison medical authorities regarding
19 treatment does not give rise to a [§]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th
20 Cir. 1981).  To establish that such a difference of opinion amounted to deliberate indifference, the
21 prisoner "must show that the course of treatment the doctors chose was medically unacceptable
22 under the circumstances" and "that they chose this course in conscious disregard of an excessive
23 risk to [the prisoner's] health."  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see
24 also Wilhelm, 680 F.3d at 1123 (awareness of need for treatment followed by unnecessary delay
25 in implementing the prescribed treatment sufficient to plead deliberate indifference); see also
26 Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny
27 recommended surgical treatment may be medically unacceptable under all the circumstances.)
28 ////

1    The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
2 unable to determine whether the current action is frivolous or fails to state a claim for relief. The
3 court has determined that the complaint does not contain a short and plain statement as required
4 by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a
5 complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
6 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least
7 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
8 Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
9 complaint must be dismissed. The court, however, grants leave to file an amended complaint.

10    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
11 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
12 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
13 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
14 some affirmative link or connection between a defendant's actions and the claimed deprivation.
15 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
16 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
17 rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
19 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
20 complaint be complete in itself without reference to any prior pleading. This requirement exists
21 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.

26    In accordance with the above, IT IS HEREBY ORDERED that:
27    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
28 ////

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated: December 8, 2016

rick1391.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER RICKSECKER,<br><br>           Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>           Defendants. | No.  2:16-cv-1391 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

   _____  Amended Complaint
DATED:

                _____
                Plaintiff